## No. 1201.

### ANNA F. OFFUTT, WIFE, VS. C. C. DUSON, SHERIFF, ET AL.

Where certain property is seized, under a judgment against a surviving widow, belonging to the community between her and her deceased husband, one of the heirs of the deceased cannot enjoin the sale beyond his interest in the property, although the succession of the deceased may be under administration and the community unsettled.

APPEAL from the Thirteenth District Court, Parish of St. Landry. *Hudspeth*, J.

---

*F. F. Perrodin, C. W. DuRoy* and *Albert Voorhies* for Plaintiff and Appellee:

1. An heir who owns in indivision with his co-heirs, and the surviving widow in community, has a right to enjoin the sale of any specific part of the property of the estate in community, for an individual debt of one of the parties. Code of Practice, Art. 296.

2. The interest of an heir in an unsettled succession is residuary, and so is the interest of the surviving widow in community; and can only be ascertained when all the debts have been paid, and the estate is liquidated. 31 An. 493.

*H. L. Garland* for Defendants and Appellants.

---

The opinion of the Court was delivered by

TODD, J. The sheriff, C. C. Duson, having seized certain immovables described in the petition, under a judgment against Mrs. Anna E. Hardy, widow of Nathaniel Offutt, deceased, and as her property, the plaintiff, who is a daughter of the said Offut, the issue of his marriage with his said surviving widow, enjoins the execution of the writ. The injunction is claimed on the ground that the property seized does not belong to the judgment debtor but to the community between her deceased father and her mother—having been acquired during their marriage—and that the succession of her father is still under administration, and that no specific property belonging to this unsettled community can be seized before the community and the succession are liquidated, and asserts her residuary interest as an heir of the deceased, and her rights in said succession, to prevent the sale of the property.

The answer to the injunction is the general issue involving the right of the plaintiff to stay the sale of the property seized.

The evidence is voluminous and many legal questions are elaborately discussed, but it seems to us that the real question upon which the determination of the case rests is of easy solution. If the property seized does not belong in this instance to the judgment debtor, neither such debtor nor any one for her has the right to complain. If it does belong to her, no one but herself could resist its sale for any cause. If it is the joint property of this debtor and of the plaintiff and others, it would seem that the sale of the entire property could only be prevented

Offutt vs. Duson et al.

by the joint action of all those interested in it, and that no one of those interested could alone and unauthorized champion the rights of the others and proceed in their behalf.

Suppose, for instance, the specific property seized could not be legally sold, because of its relation to the unsettled community and succession, as contended for by the plaintiff's counsel, still it is hard to see how plaintiff could be affected by such illegal sale, even if it could affect the rights of any one interested in the property. And even if a valid sale of it could be made under the seizure, it could not divest any interest of plaintiff therein, and beyond the extent of that interest, it is difficult to see how its sale could injure or affect her. If her interest in the property is reserved from the sale and the residue sold, the purchaser could not, of course, acquire any other or greater right than the judgment debtor possessed, and if such right is unliquidated and undetermined, on account of the unsettled condition of the community and the succession, and liable to be absorbed ultimately by the claims of the plaintiff, as asserted, the purchaser would take it subject to such condition and contingency.

Plaintiff's condition, with respect to the part alienated, would be neither better nor worse. All the interest she now has in the property would remain to her, and all her present rights against the other parties interested would continue intact; the only change being that the purchaser of the judgment debtor's interest would occupy the same relation to the plaintiff that such debtor does, and if this property in fact forms part of a succession now under actual administration, its sale under a personal judgment against the administratrix could only be made subject to the rights, obligations and tenure of the administratrix; but this is matter that we could only deal with were the administratrix before us opposing the sale, which she is not, either in her personal or representative capacity.

To ascertain what the interest of the plaintiff is, the whole property being community upon its dissolution, the widow was entitled to one-half as owner, and the usufruct of the other half during her widowhood. Offutt left three heirs, including the plaintiff, each of whom inherited one-third of this remaining half, subject to their mother's usufruct, or one-sixth of the whole.

The widow acquired the interest of one of the heirs now dead, which would make her the owner of two-thirds of the property, and the two remaining heirs of one-third. This interest respectively of the widow and the heirs extended to and over the whole property, and each and every portion thereof, subject, of course, to the payment of the com-

munity debts and succession charges, and, in this sense and this sense only, may such interest be termed residuary.

Plaintiff's injunction should, therefore, be maintained to the extent of one undivided sixth of the property seized, and beyond that dissolved.

We have been referred to the case of Cestac vs. Florence as supporting the pretensions of the plaintiff. We have examined the case carefully; it is sufficient to say that it differs in some essential respects from the instant one.

Plaintiff having maintained her injunction in part, cannot be condemned in damages; she is entitled also to the costs of the lower court.

It is, therefore, ordered, adjudged and decreed that the judgment of the District Court be amended by maintaining and perpetuating the injunction of the plaintiff to the extent of one undivided sixth of the property seized, and beyond this, that the injunction be dissolved, defendants to pay costs of the lower court, and plaintiff and appellee costs of appeal.